13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theresa A. COMER, Plaintiff-Appellant,
v.
Jesse BROWN, Secretary, Department of Veterans Affairs,
Defendant-Appellee.
 No. 93-1047.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Theresa A. Comer appeals from a judgment entered for defendant-appellee Department of Veterans Affairs on plaintiff's claim of sex discrimination under 42 U.S.C.2000e-16 (Title VII). We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 4
 The underlying facts in this case are essentially undisputed. Plaintiff, a female, has been employed as a Food Service Worker at the Department of Veterans Affairs Medical Center (the Medical Center) in Denver, Colorado, since 1970. In 1989, plaintiff applied for a promotion to Food Service Worker Foreman. Plaintiff's name and the name of a male worker at the Medical Center were sent to the selecting officer, Marilyn Miciek, Chief of Dietetic Service at the Medical Center.[2] Ms. Miciek returned the promotion certificate requesting additional names. In response, the personnel office supplied two names of candidates from outside the Medical Center, thus bringing the candidate pool to four persons--plaintiff and three males. Ms. Miciek and Orlando Montoya, then Assistant Chief of Food Production, screened and interviewed all four candidates. One of the males from outside the Medical Center, Sanford Cameron, was selected for the position. Defendant stated that although plaintiff was qualified for the position, Mr. Cameron was better qualified.
 
 
 5
 Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), claiming that her failure to be selected was because she is female. Following an administrative hearing, an administrative law judge recommended that the agency find that plaintiff's nonselection was discriminatory. Appellant's App. at 55. The Department of Veterans Affairs refused to accept the recommendation, a decision upheld on appeal by the EEOC. Plaintiff subsequently filed suit in federal district court pursuant to Title VII, claiming sex discrimination.
 
 
 6
 Following a trial to the court, the district court held that plaintiff's nonselection was not motivated by discriminatory animus. Plaintiff appeals, stating her issues as (1) whether plaintiff was discriminated against twice, requiring defendant to articulate separate reasons for each action, and (2) whether the defendant met his burden of production to articulate legitimate reasons for plaintiff's nonselection.
 
 
 7
 In a Title VII case, the "factual inquiry" is whether "the defendant intentionally discriminated against the plaintiff." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). We review the district court's findings of fact under a clearly erroneous standard. Fed.R.Civ.P. 52(a); EEOC v. Flasher Co., 986 F.2d 1312, 1317 (10th Cir.1992).
 
 
 8
 The Supreme Court has established the framework to be used in a determination of whether a plaintiff has established a prima facie case of discriminatory failure to promote under Title VII. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see, e.g., Hooks v. Diamond Crystal Specialty Foods, Inc., 997 F.2d 793, 797 (10th Cir.1993)(applying McDonnell Douglas framework to a case of alleged failure to promote). The district court found that plaintiff established a prima facie case of discrimination in defendant's failure to promote by showing that she was a member of a protected class, that she was qualified for and applied for the foreman position, that she was considered for and denied the promotion, and that a person of similar qualifications who was not a member of the protected class was selected for promotion. See Hooks, 997 F.2d at 797.
 
 
 9
 Under the McDonnell Douglas framework, as recently reaffirmed and refined by the Supreme Court in St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742 (1993), the plaintiff must establish a prima facie case of discrimination by a preponderance of the evidence. Id. at 2746-47. Establishment of a prima facie case creates a presumption of discrimination. Id. at 2747. The burden of production then shifts to defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. Burdine, 450 U.S. at 254. Once the defendant meets this burden, the prima facie case drops out, and the plaintiff has the ultimate burden of proving that the actions of the employer were motivated by unlawful discrimination rather than the reason offered. Hicks, 113 S.Ct. at 2747-48.
 
 
 10
 Plaintiff initially contends that the district court erred in failing to find two distinct adverse acts of discrimination--first when Ms. Miciek requested additional names, and second, when Mr. Cameron was selected. Plaintiff contends that defendant should have been required to articulate separate legitimate, nondiscriminatory reasons for each action. We disagree. There is nothing in the record or in the evidence produced at trial to indicate that, at the time Ms. Miciek asked for additional names, she rejected plaintiff's application. On the contrary, at that time not only was plaintiff being considered along with a male applicant, but following submission of the additional names from outside the Medical Center, plaintiff continued to be considered and was interviewed for the position. The record contains no proof that plaintiff was subjected to an adverse employment decision at that time.
 
 
 11
 Next, plaintiff contends that defendant failed to articulate legitimate, nondiscriminatory reasons for her rejection for the position and therefore, plaintiff prevails as a matter of law. Plaintiff contends that because Ms. Miciek was not heard from directly at trial, the defendant did not meet its burden of production in articulating nondiscriminatory reasons for rejecting plaintiff for the foreman position. Plaintiff argues that because Ms. Miciek was responsible for the decision to select Mr. Cameron instead of plaintiff, she was the only one who could offer the necessary reasons. Plaintiff characterizes Mr. Montoya's testimony regarding his involvement in the decision, and his offer of the superior qualifications of Mr. Cameron as the reason for his selection as nothing more than "speculation." Appellant's Br. at 11.
 
 
 12
 The majority in Hicks, in rebutting the dissent's proposition that "plaintiff cannot be expected to refute 'reasons not articulated by the employer, but discerned in the record by the factfinder,' " 113 S.Ct. at 2755 (quoting dissent at 2761), stated that "[t]he reasons the defendant sets forth are set forth 'through the introduction of admissible evidence.' In other words, the defendant's 'articulated reasons' themselves are to be found 'lurking in the record.' " Id. (quoting Burdine, 450 U.S. at 255). The Hicks majority further held
 
 
 13
 Title VII does not award damages against employers who cannot prove a nondiscriminatory reason for adverse employment action, but only against employers who are proven to have taken adverse employment action by reason of (in the context of the present case) [gender]. That the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason of [gender] is correct.
 
 
 14
 113 S.Ct. at 2756. The Court reaffirmed what it had previously held in United States Postal Service Board of Governors v. Aikens, 460 U.S. 711 (1983), that "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes. But none of this means that trial courts or reviewing courts should treat discrimination differently from other ultimate questions of fact." Hicks, 113 S.Ct. at 2756 (quoting Aikens, 460 U.S. at 716 (quoting Burdine, 450 U.S. at 252)).[3]
 
 
 15
 Once a Title VII case has been fully tried, "we need only consider the ultimate question--whether plaintiff proved that the defendant intentionally discriminated against her. The subsidiary steps in the McDonnell Douglas proof scheme become irrelevant." Sorensen v. City of Aurora, 984 F.2d 349, 352 (10th Cir.1993). Therefore, our ultimate factual question on review is whether defendant intentionally discriminated against plaintiff, not whether defendant's proffered reasons for its actions were believable. Hicks, 113 S.Ct. at 2751. Plaintiff failed to prove, or to even offer evidence in support of, her contention that defendant's decision was based on discriminatory animus. Even if the adverse decision was not fully explained, a finding of illegal discrimination is not compelled by this deficiency.
 
 
 16
 In Hicks, the Court held that rejection of the employer's proffered reasons allows, but does not require, the district court to find intentional discrimination. Id. at 2749; see also Flasher Co., 986 F.2d at 1321 (finding the employer's proffered reasons unworthy of credence does not, in and of itself, entitle plaintiff to prevail). "If, after trial, no motivation or reason for the [adverse decision] has been established by either side to a preponderance of the evidence, the judgment must be for the defendant." Flasher Co., 986 F.2d at 1321. We therefore conclude that the findings of the district court regarding plaintiff's allegation of sex discrimination are not clearly erroneous.
 
 
 17
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Ms. Miciek has since retired and successfully eluded attempts to subpoena her to testify at trial
 
 
 [3]
 Plaintiff's argument that the district court erred in substituting its judgment for that of the employer by finding that Mr. Cameron was indeed more qualified than plaintiff is unpersuasive. It is clear that the district court is empowered to compare the qualifications of plaintiff with those of the applicant hired for the position. See Sanchez v. Philip Morris Inc., 992 F.2d 244, 247 (10th Cir.1993)("An employer's business judgment is relevant ... as it relates to the motivation of the employer with respect to the allegedly illegal conduct.")